IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIE L. CAMPBELL, | |
| Plaintiff, | 8:15-CV-99 |
| vs. | ORDER |
| CITY OF OMAHA, et al., | |
| Defendants. | |

This matter is before the Court on the Magistrate Judge's Findings, Recommendation, and Order (filing 31) recommending that the Court dismiss the plaintiff's claims. The Court will adopt the Magistrate Judge's findings and recommendation.

Plaintiff's former counsel was granted leave to withdraw on June 24, 2015. Filing 25. The order granting counsel's leave to withdraw stated that the plaintiff was given until July 15, 2015 to "either: (a) obtain the services of counsel and have that attorney file an appearance in this case; or (b) file a statement notifying the court of his intent to litigate this case without the assistance of counsel." Filing 25. And the plaintiff was warned that his failure to do so could result in a dismissal of his claims without further notice. Filing 25. The plaintiff failed to comply with the Court's order.

The Magistrate Judge entered an order (filing 28) on July 22, 2015, directing the plaintiff to show cause why his claims should not be dismissed. The plaintiff responded (filing 29) asking for more time, so the Magistrate Judge set a new deadline of September 18 for the plaintiff to either obtain the services of counsel or notify the Court of his intent to litigate *pro se*. Filing 30. The plaintiff failed to meet that deadline, so on October 8, the Magistrate Judge entered her Findings, Recommendation, and Order (filing 31). The time for objecting to the Findings, Recommendation, and Order has now passed and no objection or other response has been made.

An involuntary dismissal for failure to comply with the Court's order, or for failure to prosecute, is within the Court's discretion. Fed. R. Civ. P. 41(b); NECivR 41.2; *see Schooley v. Kennedy*, 712 F.2d 372, 373-74 (8th Cir. 1983). The plaintiff has failed to comply with the Court's orders and generally failed to prosecute the case. And 28 U.S.C. § 636(b)(1) provides for de novo review only when a party objected to the magistrate's findings or recommendations. *Peretz v. United States*, 501 U.S. 923 (1991). The failure to

file an objection eliminates not only the need for de novo review, but *any* review by the Court. *Thomas v. Arn*, 474 U.S. 140 (1985); *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609 (8th Cir. 2009). Accordingly, the Court deems any objection to the Magistrate Judge's findings and recommendation waived, and will adopt the findings and recommendation.

IT IS ORDERED:

1. The Magistrate Judge's findings and recommendation (filing 31) are adopted.

2. The plaintiff's complaint is dismissed.

3. The defendants' motion to dismiss (filing 20) is denied as moot.

4. A separate judgment will be entered.

Dated this 27th day of October, 2015.

BY THE COURT:

*[signature]*

John M. Gerrard
United States District Judge